**S.I.R.P.R.**

FILED - GR
September 13, 2022 10:56 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW  SCANNED BY: KB /9-13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

)
)
)
GANIYU AYINLA JAIYEOLA,            )          Case No.:        **1:22-cv-844**
)                                   **Jane M. Beckering**
            Plaintiff,             )          COMPLAINT    **U.S. District Judge**
)
v.                                 )
)
JENNIE BOLDISH BRYAN,              )          JURY TRIAL DEMANDED
)
            Defendant.             )

## INTRODUCTION

**1.**     Pro se Plaintiff Ganiyu Jaiyeola ("Jaiyeola") submits this Federal Rules of

Evidence 408 ("Fed. R. Evid. 408" or "FRE 408") complaint ("Complaint") against Attorney

Jennie Boldish Bryan ("Bryan"). In the State of Michigan, the equivalent to FRE 408 is the

Michigan Rules of Evidence 408 ("Mich. R. Evid. 408" or "MRE 408").

**2.**     This Complaint arose out of a divorce lawsuit; *Jaiyeola v. Jaiyeola*, No. 22-02281-

DM (Kent County Circuit Court).

## NATURE OF ACTION

**3.**     This Complaint is brought by Jaiyeola to ask the Court to use its inherent powers

to sanction Defendant Bryan for willfully violating FRE 408, for litigating in bad faith, and for

abusing the judicial process.

## THE PARTIES

**4.**     Pro se Plaintiff Ganiyu Jaiyeola is the pro se Defendant in *Jaiyeola v. Jaiyeola* at the

Kent County Circuit Court.

**5.**     Defendant Bryan is a licensed Michigan Attorney, having a principal place of

business at McShane & Bowie P.L.C., 99 Monroe Ave., NW, Suite 1100, Grand Rapids, Michigan

49503. Bryan is the Attorney for Plaintiff Omolara O. Jaiyeola in *Jaiyeola v. Jaiyeola*.

## JURISDICTION

**6.**     This Court has jurisdiction over this lawsuit. ""Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute..." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)..." *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250 (6th Cir. 2011). Indeed, Federal Courts ""..".".have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress  pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Federal district courts have subject matter jurisdiction over two types of cases: diversity jurisdiction cases and cases that raise federal questions...." *Meyers v. Orrostieta*, Civ. 20-1701-LPS (D. Del. Jun. 13, 2022). "A federal court has subject matter jurisdiction based on diversity of citizenship when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332." *Meyers*. "In determining the jurisdictional amount, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indemnification Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)." *Meyers*.

**7.**     Jaiyeola is a resident of The State of California.

**8.**     Bryan is a resident of The State of Michigan. Bryan's office is located in this district and she is licensed to practice at this Court as indicated by her website[1].

**9.**     This District Court has personal jurisdiction over Bryan. Specifically, "the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable.". See *Schultz v. Ary*,

---

[1] (https://msblaw.com/project/jennie-boldish-bryan/).

-2-

175 F. Supp. 2d 959 (W.D. Mich. 2001).

**10.**     This District Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) as the amount in controversy is greater than $75,000, exclusive of interest and costs, and is between citizens of different states.

**11.**     Venue is proper in this District Court under 28 U.S.C. §1391.

### FEDERAL RULES OF EVIDENCE 408

**12.**     Federal Rules of Evidence 408 ("Fed. R. Evid. 408" or "FRE 408") states in part as follows: "(a) Prohibited Uses. Evidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: (1) furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or a statement made during compromise negotiations about the claim — except when offered in a criminal case and ..." FRE 408.

**13.**     The Michigan Rules of Evidence 408 ("Mich. R. Evid. 408" or "MRE 408") states in part as follows: "Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible...." MRE 408.

**14.**     "The rules at issue here...have the same force of law that any statute does." *In re Nat'l Prescription Opiate Litig.*, No. 20-3075 (6th Cir. 2020). "Michigan courts construe court rules in the same way that they construe statutes."[2].

---

[2] *LM v. BM*, No. 352461 (Mich. Ct. App. June 17, 2021).

**15.** Federal and State Courts in Michigan have applied FRE 408 and MRE 408. ""Federal Rule of Evidence 408(a)(b) prohibits admission of statements made during compromise negotiations."" *In re: GENERAL MOTORS, LLC; GENERAL MOTORS COMPANY*, No. 20-1616 (6th Cir. 2021). "In [*Goodyear Tire & Rubber Co v Chiles Power Supply, Inc*, 332 F3d 976 (6th Cir. 2003).], the Sixth Circuit held that FRE 408, which contained similar language to MRE 408, created a "settlement privilege" that shielded "settlement communications" for discovery purposes....." *Michigan Rising Action, et al. v. Secretary of State et al.*, No. 359355 (Mich. Ct. App. July 21, 2022).

## ISSUES AND FACTS COMMON TO ALL COUNTS

**16.** ".....while a man might have no intention to violate the law, yet if he wilfully and knowingly did a thing which constituted a violation of the law, he violated the law."[3]. "..."the words `unlawfully, willfully, and knowingly,' when applied to an act or things done, import knowledge of the act or thing so done, as well as an evil intent or bad purpose in doing such thing".."[4]. Upon information and belief, Bryan "unlawfully, willfully, and knowingly" violated FRE 408.

**17.** Bryan violated FRE 408 when she presented settlement documents to the Kent County Circuit Court on May 27, 2022 and June 6, 2022.

**A.** Bryan agreed to a FRE 408-settlement agreement (regarding the *Jaiyeola v. Jaiyeola* lawsuit at the Kent County Circuit Court) when she requested settlement documents from Jaiyeola on May 24, 2022. Jaiyeola provided the FRE 408-settlement documents to Bryan on May 24, 2022. The background was as follows:

**i.** Jaiyeola requested for a settlement meeting on May 20, 2022.

---

[3] *Morissette v. United States*, 187 F.2d 427 (6th Cir. 1951).

[4] *Morissette*.

-4-

        **ii.**      Bryan requested for the FRE 408-covered documents on May 24, 2022.

        **iii.**     Jaiyeola sent Bryan the FRE 408-covered documents on May 24, 2022.

        **iv.**     On May 26, 2022, Bryan agreed to set aside the Default Order against

Jaiyeola. Bryan was silent on the settlement of the *Jaiyeola v. Jaiyeola* lawsuit that she agreed to.

        **B.**     At the hearing on May 27, 2022 at the Kent County Circuit Court, Bryan presented the FRE 408-covered Jaiyeola documents to the Court as evidentiary documents on Jaiyeolas' incomes and job information and she asserted as follows: "The Defendant has been cooperative. He recently sent me copies of his information with respect to his employment at Apple and he earns $195,000 annually. He also received a $60,000 bonus and had the benefit of relocation expenses."

        **C.**     At the hearing on June 6, 2022 at the Kent County Circuit Court, Bryan again violated FRE 408 by presenting the same FRE 408-settlement documents to the Court. At the beginning of the hearing, Jaiyeola raised the issue: "violation of MRE 408 by plaintiff's attorney".

        **18.**     Bryan violated FRE 408 when she presented settlements documents to the Court on May 27, 2022 and June 6, 2022. "Michigan courts construe court rules in the same way that they construe statutes."[5].

        **19.**     Bryan's FRE 408 violation was the violation of a statute and also a violation of Michigan Rules of Professional Conduct ("MRPC").

        **20.**     Bryan's violation of FRE 408 indicated that Bryan litigated in bad faith and abused the judicial process. "Federal courts possess certain inherent powers, including "the ability to fashion an appropriate sanction for conduct which abuses the judicial process."" *Goodyear Tire & Rubber Co. v. Haeger, et al.*, 137 S. Ct. 1178 (2017). "A district court has inherent authority to award sanctions when a party litigates in bad faith….In *First Bank of Marietta* [*First Bank of Marietta v.*

---

[5] *LM v. BM*, No. 352461 (Mich. Ct. App. June 17, 2021).

*Hartford Underwriters Ins. Co.*, 307 F.3d 501, (6th Cir. 2002).], the Sixth Circuit noted that a district court may invoke its inherent authority to impose sanctions for bad-faith conduct, even if the district court failed to consider whether sanctions may be appropriate under any rules or statutes." *Quantum Sail Design Group, LLC v. Jannie Reuvers Sails, Ltd. et al.*, No. 1:2013cv00879 – Doc. 233 (W.D. Mich. 2018).

### COUNT I
### Bryan Violated FRE 408

**21.**     Jaiyeola realleges and incorporates all preceding paragraphs.

**22.**     The additional evidence that Jaiyeola would gather during discovery would support the facts that Bryan violated FRE 408.

**23.**     Jaiyeola attaches a Declaration of Facts to this Complaint to show that Bryan violated FRE 408.

**24.**     Bryan's FRE 408 violation alleged above directly and proximately caused Jaiyeola (a pro se Defendant at the Kent County Circuit Court) to suffer damages, including humiliation, intimidation, embarrassment, and frustration.

**25.**     Bryan acted outrageously by violating FRE 408 with malice or reckless indifference to Jaiyeolas' Federally protected rights.

**26.**     Bryan is therefore liable for compensatory and punitive damages in an amount sufficient to punish her and to deter others from engaging in similar conduct.

WHEREFORE, Jaiyeola (a pro se Plaintiff) prays for judgment against Bryan on Count I of his Complaint, for a finding that Bryan "`unlawfully, willfully, and knowingly'" subjected Jaiyeola to unlawful acts arising from Bryan's violation of FRE 408; for compensatory and punitive damages; equitable relief; exclusion of Bryan from the practice of law in Michigan and any location where Bryan is admitted or licensed to practice law for 12 months;

and for such other and further relief the Court deems just and proper.

### COUNT II

### Bryan Litigated in Bad Faith

**27.** Jaiyeola realleges and incorporates all preceding paragraphs.

**28.** The additional evidence that Jaiyeola would gather during discovery would support the facts that Bryan violated FRE 408 and litigated in bad faith.

**29.** Bryan litigated in bad faith as indicated by the following: **A.)** Jaiyeola requested for a settlement of the *Jaiyeola v. Jaiyeola* lawsuit at the Kent County Circuit Court; **B.)** Bryan requested for some documents from Jaiyeola as a condition for the settlement of the *Jaiyeola v. Jaiyeola* lawsuit; **C.)** Jaiyeola provided the documents to Bryan; and **D.)** Bryan did not settle the *Jaiyeola v. Jaiyeola* lawsuit.

**30.** Bryan violated FRE 408 and Bryan litigated in bad faith.

**31.** Jaiyeola attaches a Declaration of Facts to this Complaint to show that Bryan violated FRE 408 and litigated in bad faith.

**32.** Bryan's FRE 408 violation and litigation in bad faith alleged above, directly and proximately caused Jaiyeola (a pro se Defendant at the Kent County Circuit Court) to suffer damages, including humiliation, intimidation, embarrassment, and frustration.

**33.** Bryan acted outrageously by violating FRE 408 and litigating in bad faith with malice or reckless indifference to Jaiyeolas' Federally protected rights.

**34.** Bryan is therefore liable for compensatory and punitive damages in an amount sufficient to punish her and to deter others from engaging in similar conduct.

WHEREFORE, Jaiyeola (a pro se Plaintiff) prays for judgment against Bryan on Count II of his Complaint, for a finding that Bryan "'unlawfully, willfully, and knowingly'" subjected Jaiyeola to unlawful acts arising from Bryan's violation of FRE 408 and

litigation in bad faith; for compensatory and punitive damages; equitable relief; exclusion of Bryan from the practice of law in Michigan and any location where Bryan is admitted or licensed to practice law for 12 months; and for such other and further relief the Court deems just and proper.

### COUNT III

### Bryan Abused The Judicial Process

**35.** Jaiyeola realleges and incorporates all preceding paragraphs.

**36.** The additional evidence that Jaiyeola would gather during discovery would support the facts that Bryan violated FRE 408, litigated in bad faith, and abused the judicial process.

**37.** Bryan abused the judicial process as indicated by the following: **A.)** Jaiyeola requested for a settlement of the *Jaiyeola v. Jaiyeola* lawsuit at the Kent County Circuit Court; **B.)** Bryan requested for some documents from Plaintiff as a condition for the settlement of the *Jaiyeola v. Jaiyeola* lawsuit; **C.)** Jaiyeola provided the documents to Bryan; **D.)** Bryan did not settle the *Jaiyeola v. Jaiyeola* lawsuit; **E.)** Bryan stopped the settlement agreement unilaterally after getting the FRE 408-settlement documents from Plaintiff; and **F.)** Bryan used the documents that Jaiyeola provided for the FRE 408-settlement to gain legal advantages for her client and move the *Jaiyeola v. Jaiyeola* lawsuit forward rather than end the lawsuit.

**38.** Bryan's violation of FRE 408 and Bryan's litigation in bad faith indicated that Bryan abused the judicial process.

**39.** Jaiyeola attaches a Declaration of Facts to this Complaint to show that Bryan violated FRE 408, litigated in bad faith, and abused the judicial process.

**40.** Bryan's FRE 408 violation, litigation in bad faith, and abuse of the judicial process alleged above, directly and proximately caused Jaiyeola (a pro se Defendant at the Kent County Circuit Court) to suffer damages, including humiliation, intimidation, embarrassment, and frustration.

**41.**     Bryan acted outrageously by violating FRE 408, litigating in bad faith, and abusing the judicial process with malice or reckless indifference to Jaiyeolas' Federally protected rights.

**42.**     Bryan is therefore liable for compensatory and punitive damages in an amount sufficient to punish her and to deter others from engaging in similar conduct.

WHEREFORE, Jaiyeola (a pro se Plaintiff) prays for judgment against Bryan on Count III of his Complaint, for a finding that Bryan "`unlawfully, willfully, and knowingly'" subjected Jaiyeola to unlawful acts arising from Bryan's violation of FRE 408, litigation in bad faith, and abuse of the judicial process; for compensatory and punitive damages; equitable relief; exclusion of Bryan from the practice of law in Michigan and any location where Bryan is admitted or licensed to practice law for 12 months; and for such other and further relief the Court deems just and proper.

## JURY DEMAND AND PLACE OF TRIAL

Jaiyeola respectfully requests a trial by jury on all issues so triable in Grand Rapids, Michigan.

## DESIGNATION OF PLACE OF TRIAL

Jaiyeola respectfully requests that trial in this matter be held at the U.S. District Court for the Western District of Michigan, Grand Rapids, Michigan.

Date:   September 11, 2022

Ganiyu Ayinla Jaiyeola, Ph.D., MBA
10870 North Stelling Road, #37D
Cupertino, California 95014
Tel.:    616.635.4025
ganiyu.jaiyeola@gmail.com
Plaintiff pro se

UNITED STATES POSTAL SERVICE

PRIORITY MAIL EXPRESS®

SEP 12 22
AMOUNT
**$56.00**
1007
49503
R2304M114981    -06

EJ 852 853 417 US

40

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)  PHONE ( 616 ) 635 4025

GANIYU JANYEOLA
10840 NORTH STELLING RD, #37D
CUPERTINO, CALIFORNIA
95014

**DELIVERY OPTIONS (Customer Use Only)**

☐ SIGNATURE REQUIRED *Note:* The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

**Delivery Options**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
  *Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)  PHONE ( 616 ) 456 2381

CLERK
U.S. DISTRICT COURT
410 MICHIGAN ST. NW
GRAND RAPIDS, MICHIGAN
49503

ZIP + 4® (U.S. ADDRESSES ONLY)

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

⬅ **PEEL FROM THIS CORNER**

40

**PAYMENT BY ACCOUNT (if applicable)**

USPS® Corporate Acct. No.      Federal Agency Acct. No. or Postal Service™ Acct. No.

**ORIGIN (POSTAL SERVICE USE ONLY)**

☐ 1-Day  ☐ 2-Day  ☐ Military  ☐ DPO

PO ZIP Code         Scheduled Delivery Date (MM/DD/YY)    Postage
95016               9/13/22                                $ 56.00

Date Accepted (MM/DD/YY)   Scheduled Delivery Time   Insurance Fee    COD Fee
9/12/22                    ☐ 6:00 PM                  $                $

Time Accepted             ☐ AM        —              Return Receipt Fee   Live Animal
9:42                      ☐ PM                        $                    Transportation Fee
                                                                           $

Special Handling/Fragile   Sunday/Holiday Premium Fee   Total Postage & Fees
$                          $                            $ 56.00

Weight       ☐ Flat Rate   Acceptance Employee Initials
1 lbs. 2 ozs.

**DELIVERY (POSTAL SERVICE USE ONLY)**

Delivery Attempt (MM/DD/YY)  Time   ☐ AM   Employee Signature
                                    ☐ PM

Delivery Attempt (MM/DD/YY)  Time   ☐ AM   Employee Signature
                                    ☐ PM

LABEL 11-B, MAY 2021          PSN 7690-02-000-9996

WHEN USED INTERNATIONALLY, A CUSTOMS DECLARATION LABEL MAY BE REQUIRED.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express® shipments. Misuses may be a violation of federal law. This package is not for resale. EP13C © U.S. Postal Service; September 2021; All rights reserved.