UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GANIYU JAIYEOLA,

            Plaintiff,                              Hon. Jane M. Beckering

v.                                             Case No. 1:22-cv-844

JENNIE BRYAN,

            Defendant.

_____/

## REPORT AND RECOMMENDATION

      This matter is before the Court on Defendant's Motion to Dismiss and for Summary Judgment. (ECF No. 17). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted and this action dismissed.

## BACKGROUND

      Plaintiff initiated this action against attorney Jennie Bryan alleging misconduct during the course of a state court divorce and child custody action in which Bryan represented Plaintiff's former wife. Specifically, Plaintiff alleges that Defendant: (1) violated Federal Rule of Evidence 408; (2) litigated the state court matter in bad faith; and (3) abused the judicial process. Plaintiff seeks unspecified monetary relief as well as an Order suspending Defendant's license to practice law. Defendant now moves to dismiss Plaintiff's claims and/or for summary judgment. Plaintiff has

responded to the motion.   The Court finds that oral argument is unnecessary.   *See* W.D. Mich. LCivR 7.2(d).

## ANALYSIS

### I.    Subject Matter Jurisdiction

Defendant first argues that this Court lacks subject matter jurisdiction to hear Plaintiff's action.   In support of this argument, Defendant advances several theories, none of which are persuasive.

A.    Diversity Jurisdiction

Plaintiff relies on diversity jurisdiction as the basis for the Court to hear this matter.   To properly invoke the Court's diversity jurisdiction, Plaintiff must establish two elements: (1) complete diversity between the parties and (2) an amount in controversy exceeding $75,000.   *See, e.g., Naji v. Lincoln*, 665 Fed. Appx. 397, 399-400 (6th Cir., Nov. 9, 2016).   Defendant does not dispute that the parties are diverse but argues instead that Plaintiff fails to satisfy the amount in controversy requirement.

Generally, "the sum claimed by a plaintiff, if made in good faith, is the amount in controversy."   *Id.* at 400.   Plaintiff asserts in his complaint that he suffered more than $75,000 in damages.   Defendant counters that the jurisdictional amount is not satisfied because "there is no legal possibility of a recovery in excess of $75,000 (as [she] did not engage in any improper conduct in the State Court Proceeding)."   Whether Plaintiff's allegations state a claim or are subject to summary judgment is not part of the amount

in controversy analysis.   Plaintiff's allegations are sufficient to invoke the Court's diversity jurisdiction.   Accordingly, Defendant's argument is rejected.

B.    Domestic Relations Exception

Defendant next invokes the "domestic relations exception" to argue that the Court lacks jurisdiction in this matter.   This exception to federal diversity jurisdiction applies to "cases involving the issuance of a divorce, alimony, or child custody decree." *Chevalier v. Estate of Barnhart*, 803 F.3d 7879, 794 (6th Cir. 2015).   The Supreme Court has cautioned that the domestic relations exception "covers only a narrow range of domestic relations issues."   *Id.* at 795 (citation omitted).   Specifically, this exception applies only where a plaintiff "positively sues in federal court for divorce, alimony, or child custody."   *Ibid.*

Plaintiff's action in this Court does not seek any of these forms of relief.   That Plaintiff initiated this action challenging conduct that occurred during the course of a state court domestic relations actions is insufficient to invoke this exception.   *Ibid.* (the court noted that it was "rejecting the contention that the domestic relations exception applies to every case touching and concerning the issuance of a divorce, the award of alimony, or a child custody decree").   Accordingly, this argument is rejected.

C.    Full Faith and Credit Act

Defendant next argues that the Full Faith and Credit Act deprives the Court of jurisdiction.   The Full Faith and Credit Act "requires federal courts to give the same preclusive effect to a state court judgment as that judgment receives in the rendering

state." *Hart v. Bee Property Management, Inc.*, 2019 WL 1246254 at *3 (E.D. Mich., Feb. 12, 2019). Defendant has failed, however, to identify a state court *judgment*, regarding the matters asserted in Plaintiff's complaint, which preclude the present action. Accordingly, this argument is rejected.

    D.    Collateral Estoppel

Defendant next argues that the doctrine of collateral estoppel deprives this Court of jurisdiction. This argument fails for two reasons. First, collateral estoppel is not a jurisdictional hurdle that deprives the Court of jurisdiction; it merely prevents parties from "relitigating issues that have already been resolved by courts of competent jurisdiction." *See, e.g., Funk v. City of Lansing*, 2021 WL 5537086 at *2 (W.D> Mich., Sept. 24, 2021).

Second, Defendant has failed to establish that collateral estoppel applies in this matter. To invoke collateral estoppel, Defendant must establish four elements: (1) the precise issue must have been raised and litigated in the prior action; (2) the determination of the issue must have been necessary to the outcome of the prior action; (3) the prior proceedings must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding. *See Rankin v. County of Berrien*, 2022 WL 2718484 at *1 (W.D. Mich., June 13, 2022). Defendant has failed to present any evidence that any of the claims or issues advanced in Plaintiff's complaint was previously litigated. This argument is, therefore, rejected.

E.     Rooker-Feldman

Finally, Defendant invokes the *Rooker-Feldman* doctrine which precludes a federal district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments. . .and inviting district court review and rejection of those judgments."   *RLR Investments, LLC v. City of Pigeon Forge, Tennessee*, 4 F.4th 380, 387 (6th Cir. 2021).   Because Plaintiff did not initiate this action seeking to overturn or modify a state court judgment, *Rooker-Feldman* has no applicability here. Accordingly, this argument is rejected.

## II.    Motion to Dismiss

Defendant next argues that Plaintiff's allegations fail to state a claim on which relief may be granted.   A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief.   *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"    *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).   This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."   If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"    *Id.*   As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.   Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

-6-

A.    Count I

Plaintiff alleges that Defendant violated Federal Rule of Evidence 408 when she submitted in the state court action certain documents containing information regarding Plaintiff's income and employment.    Perceived violations of the Federal Rules of Evidence, however, do not constitute a basis for a legal cause of action.    *See, e.g., Hicks v. Begor*, 2020 WL 1310499 at *2 (W.D. Ky., Mar. 19, 2020).    Accordingly, the undersigned recommends that Count I of Plaintiff's complaint be dismissed.

B.    Count II

Plaintiff asserts that during the course of the aforementioned state court action, Defendant "litigated in bad faith."    Specifically, Plaintiff alleges that Defendant's refusal to accept Plaintiff's terms to settle the matter constituted bad faith.    The Court can locate no authority holding (or even suggesting) that Michigan recognizes a separate tort for litigating in bad faith.    Plaintiff has likewise identified no such authority. Accordingly, the undersigned recommends that Count II of Plaintiff's complaint be dismissed.

C.    Count III

Plaintiff asserts that Defendant, in representing Plaintiff's former wife, abused the judicial process.    Specifically, Plaintiff alleges that Defendant abused the judicial process in two ways: (1) by refusing to settle the action between Plaintiff and his wife and (2) by using evidence obtained or discovered during the course of the proceeding "to gain legal advantages" for her client.

To prevail on this claim, Plaintiff must demonstrate: (1) an ulterior purpose and (2) an act in the use of process which is improper in the regular prosecution of the proceeding. *See, e.g., Reffitt v. Mantese*, 2019 WL 5204542 at *5 (Mich. Ct. App., Oct. 15, 2019) (citations omitted). Plaintiff has failed to allege any conduct by Defendant which can reasonably be characterized as improper. Accordingly, the undersigned recommends that Count III of Plaintiff's complaint be dismissed.

## <u>CONCLUSION</u>

For the reasons articulated herein, the undersigned recommends that Defendant's Motion to Dismiss and for Summary Judgment (ECF No. 17) be granted and this action dismissed.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: June 5, 2023                    /s/ Phillip J. Green
                                      PHILLIP J. GREEN
                                      United States Magistrate Judge

-8-