UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GANIYU JAIYEOLA,

    Plaintiff,

v.

JENNIE BRYAN,

    Defendant.

_____/

Case No. 1:22-cv-844

HON. JANE M. BECKERING

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ganiyu Jaiyeola, proceeding *pro se*, initiated this action against Defendant Jennie Boldish Bryan. Defendant filed a "Motion to Dismiss and for Summary Judgment." The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant the motion and dismiss this action. The matter is presently before the Court on Plaintiff's three objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

**I.**

As an initial matter, the Magistrate Judge's Report and Recommendation recommends the Court "grant" Defendant's motion. However, the Report and Recommendation rejects Defendant's arguments for summary judgment and recommends granting Defendant's arguments for dismissal under Federal Rule of Civil Procedure 12(b)(6). Therefore, the Report and

Recommendation more accurately recommends this Court grant in part and deny in part Defendant's motion.  Plaintiff's objections state that the Report and Recommendation contained no facts to support summary judgment (Pl. Obj., ECF No. 40 at PageID.409).  However, the Magistrate Judge rejected Defendant's arguments in support of summary judgment (R&R, ECF No. 39 at PageID.394–397).  Further, neither Plaintiff nor Defendant objected to the substance of the Magistrate Judge's analysis or conclusions regarding Defendant's arguments in support of summary judgment.  Accordingly, consistent with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), this Court need not and does not address those portions of the Report and Recommendation.

## II.

As the Magistrate Judge summarized, Plaintiff initiated this action against Defendant alleging three claims arising out of "a state court divorce and child custody action in which [Defendant] represented Plaintiff's former wife[,]" including that Defendant violated Federal Rule of Evidence 408 (Count I); litigated the state court matter in bad faith (Count II); and abused the judicial process (Count III) (R&R, ECF No. 39 at PageID.393).

As to the merits of Plaintiff's objections, Plaintiff first argues that the Magistrate Judge erred in recommending dismissal of Count I because Plaintiff asserts that discovery will reveal facts supporting this violation (Pl. Obj., ECF No. 40 at PageID.410–411).  However, Plaintiff's argument represents a misunderstanding of the Magistrate Judge's conclusion.  The Magistrate Judge explained that "[p]erceived violations of the Federal Rules of Evidence … do not constitute a basis for a legal cause of action" (R&R, ECF No. 39 at PageID.399).  Plaintiff's arguments indicate the standard for imposing sanctions under Federal Rule of Civil Procedure 11 for violations of the rules of evidence (*see* Pl. Obj., ECF No. 40 at PageID.411) (citing cases).

2

However, this standard does not change the fact that an alleged violation of Rule 408 does not constitute a basis for a legal cause of action. Plaintiff's objection on this basis is properly denied.

Second, Plaintiff argues that the Magistrate Judge erred in recommending dismissal of Count II because the Magistrate Judge incorrectly "placed the burden on" Plaintiff to establish that Defendant acted in bad faith and that Defendant Bryan did not establish that she acted in good faith (Pl. Obj., ECF No. 40 at PageID.411–412). However, the Magistrate Judge recommended dismissal of Count II because "[the court] can locate no authority holding (or even suggesting) that Michigan recognizes a separate tort for litigating in bad faith. Plaintiff has likewise identified no such authority" (R&R, ECF No. 39 at PageID.399). Plaintiff's argument does not identify any such authority and does not otherwise demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. Plaintiff's objection on this basis is properly denied.

Last, as to Count III, the Magistrate Judge concluded that "Plaintiff has failed to allege any conduct by Defendant which can reasonably be characterized as improper" as required to state an abuse of process claim (R&R, ECF No. 39 at PageID.399–400). Plaintiff argues that the Magistrate Judge erred in recommending dismissal of this count because Plaintiff has provided sufficient facts that Defendant had an "ulterior purpose" where Defendant improperly used documents obtained pursuant to Rule 408 to "gain legal advantages for her client and move the … lawsuit forward rather than end the lawsuit" (Pl. Obj., ECF No. 40 at PageID.412–414) (quoting Compl. [ECF No. 1] ¶ 37).

Even assuming arguendo that the Magistrate Judge erred in determining that Plaintiff's allegations fail to allege improper conduct by Defendant, this Court's review of the record shows that Plaintiff has failed to allege that Defendant acted with an ulterior purpose because, while the exact context of the proceedings before the Kent County Circuit Court are unclear from Plaintiff's

allegations, Plaintiff has not plead what legal advantage Defendant used the documents for, nor that such use was for a purpose outside of "prevail[ing] over the defenses and counterclaims of the opposing party[.]" *See Boladian v. Thennisch*, No. 324737, 2016 WL 1445314, at *4 (Mich. Ct. App. Apr. 12, 2016) ("[A] plaintiff must allege more than an improper motive in properly obtaining process. … This ulterior purpose 'must be more than harassment, defamation, exposure to excessive litigation costs, or even coercion to discontinue business '" (citation omitted)); *see also, e.g., Lawrence v. Burdi*, 886 N.W.2d 748, 755 (Mich. Ct. App. 2016) (stating that the "intended purpose" of filing requests for admission that "were submitted to plaintiff's employer" appeared to "be harm resulting from embarrassment, mistrust by plaintiff's employer, and even possible termination of employment"). Therefore, Plaintiff's objection on this basis is properly denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Memorandum Opinion and Order. *See* FED. R. CIV. P. 58.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 40) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 39) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the "Motion to Dismiss and for Summary Judgment" (ECF No. 17) is GRANTED in part and DENIED in part.

Dated: July 5, 2023                                    /s/ Jane M. Beckering
                                                       JANE M. BECKERING
                                                       United States District Judge